**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

In re:

JENNIFER A. PICCIANO,   Case No. 07-11084-RGM
                        (Chapter 7)
    Debtor.

**MEMORANDUM OPINION**

THIS CASE is before the court on two proposed reaffirmation agreements by and between the debtor and Toyota Motor Credit Corporation (Docket Entries 19 and 20). The debtor is represented by counsel. The agreements, while properly executed by counsel, were filed by the creditor. They raise three issues. First, both agreements were filed with the court after the court granted the debtor a discharge. The Bankruptcy Code requires an enforceable reaffirmation agreement to be "made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title." 11 U.S.C. §524(c)(1). The agreements thus raise factual and legal questions about when each was "made" for purposes of §524(c)(1). Second, one of the agreements was not executed by the creditor. Lastly, the agreements do not conform to Interim Federal Rule of Bankruptcy Procedure 4008.

The debtor commenced this chapter 7 case by filing a voluntary petition on May 1, 2007. She received a discharge on August 13, 2007. The two reaffirmation agreements were filed on September 19, 2007. In the first reaffirmation agreement (Docket Entry 19), the debtor seeks to reaffirm a debt to Toyota Motor Credit Corporation secured by a 2005 Scion TC (the "Scion Agreement"). The Scion Agreement was executed by the debtor on July 13, 2007. Toyota ostensibly never accepted the reaffirmation agreement: The signature block for acceptance by the

1

creditor on page six of the reaffirmation agreement is blank. The question is whether there is any reaffirmation agreement. Some cases hold that there can be no reaffirmation agreement without the consent of the creditor. Those bankruptcy courts have stated that, "[r]eaffirmation agreements are unlike any other contractual agreement under the law, and no where else is the requirement that both parties sign the agreement more critical." *In re Turner*, 208 B.R. 434, 437 (Bankr.C.D.Ill. 1997). The creditor's signature signifies that both parties reviewed and accepted the proposed reaffirmation agreement. *Id.* Without the signature of both parties, no contract exists, and, therefore, no agreement was made before the debtor's discharge as required by §524(c)(1). *See, e.g.*, *In re Hinson*, 352 B.R. 48 (Bankr.E.D.N.C. 2006) ("concluding that the reaffirmation agreement was unenforceable because the creditor had not signed it"). Thus, there may be no reaffirmation agreement under §524.[1]

The second reaffirmation agreement with Toyota (Docket Entry 20) raises several different issues. Here, the debtor agreed to reaffirm a debt secured by a 2003 Toyota 4Runner (the "4Runner Agreement"). In Part D, the debtor states that she has monthly income of $1,904 and monthly expenses of $660, leaving $1,244 to pay the reaffirmed debt. These figures differ from the debtor's Schedules I and J, which show average monthly income of $2,191.38, average monthly expenses of $2,204.15, and negative monthly net income. Interim Federal Rule of Bankruptcy Procedure 4008 requires an explanation for why these figures differ. Without an explanation, the reaffirmation agreement fails to comply with Rule 4008.

The 4Runner Agreement raises two issues of timing. The first relates to when the

---

[1] The Scion Agreement was filed with the court more than a month after entry of the debtor's discharge. Additionally, the figures provided in Part D of the agreement differ from those listed in Schedules I and J, and no explanatory statement was provided as required by Interim Federal Rule of Bankruptcy Procedure 4008.

reaffirmation agreement was filed with the court. The court granted the debtor her discharge on August 13, 2007, but the reaffirmation agreement was not filed with September 19, 2007. Section 524(c) of the Bankruptcy Code does not explicitly require that the reaffirmation agreement be filed before a discharge is entered. *See* 11 U.S.C. §524(c)(3) (requiring that "such agreement has been filed with the court" without stating an explicit deadline). Thus, some courts conclude that the date of filing is not a barrier to the enforceability of an otherwise valid reaffirmation agreement. *See In re Merritt*, 366 B.R. 637, 639 (Bankr.W.D.Tex. 2007); *In re Graham*, 297 B.R. 695, 699 (Bankr.E.D.Tenn. 2003); *In re Whisenant*, 265 B.R. 164, 166-67 (Bankr.E.D.Ark. 2001). Still, other courts treat the date of discharge as a fixed deadline to file reaffirmation agreements. For example, in a recent opinion, one court ruled that §524(m)(1)'s requirement that the court conclude a hearing on a reaffirmation agreement, if one is needed, before the entry of discharge necessarily means the agreement must be filed with the court prior to the discharge. *See In re Lemoine*, 2008 WL 749854, *1-*2 (Bankr.D.Conn. Mar. 19, 2008) (striking a reaffirmation agreement filed post-discharge); *see also In re Parker*, 372 B.R. 835, 836 (Bankr.W.D.Tex. 2007); *In re Pettet*, 271 B.R. 855, 857 (Bankr.S.D.Ind.2002).

The other timing issue relates to when the agreement was made. The debtor executed the agreement on July 13, 2007, which precedes the date of her discharge. Toyota signed the 4Runner Agreement on September 13, 2007, which is after the date of the debtor's discharge. Most bankruptcy courts look to the date of execution of the reaffirmation agreement as the sole indicator of when a reaffirmation agreement is "made." *See, e.g.*, *In re Collins*, 243 B.R. 217, 220 (Bankr.D.Conn. 2000); *In re LeBeau*, 247 B.R. 537, 539-40 (Bankr.M.D.Fla. 2000) (citing cases). Under these cases, the reaffirmation agreement concerning the Toyota 4Runner would be

unenforceable because it was not fully executed before the debtor received her discharge. One court has ruled to the contrary. In *Lebeau*, the bankruptcy court conceded that "the date of execution can be, and is most often indicative of the date the reaffirmation is 'made,'" *LeBeau*, 247 B.R. at 539-40, but held that the date of execution is not dispositive. Relying on general principles of contract law, the court in *LeBeau* concluded that while the reaffirmation agreement was not executed by the debtors until after their discharge, it was nevertheless "made" before discharge because a meeting of the minds occurred and the debtors began performing under the reaffirmation agreement prior to the date of discharge. *Id.* at 540-41.

The court cannot rule on the proposed reaffirmation agreements as presented to the court and will hold a hearing so that the parties may address these issues.

DONE at Alexandria, Virginia, this 5th day of May, 2008.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert Easterling

Copy mailed to:

Melissa Wakatani, Asset Protection Analyst
Toyota Motor Credit Corporation
19001 South Western Avenue, WF21
Torrance, California 90501

14232